December 30, 2014

To; Abel Acosta/Official Clerk
  Court of Criminal Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

Fm; Jerry Soliz Martinez,

Subj; Petition for Discretionary Review,
       Copies submitted for

1. Please include these originals in the Appendix
   section of my (PDR) PD-1466-14.

2. My new address is; Manuel Segovia unit, CI-50,
   1201 East EL Cibolo Rd., Edinburg, Texas, 78541.

3. Your assisstance is greatly appreciated. Thank
   you.

Respectfully, Submitted

Jerry Soliz Martinez
Appellant Pro Se
TDC# 01724442

CAUSE NO. 2008-CR-1459

2014 JUL 23 A 10: 42

DEPUTY

IN THE COURT OF APPEALS, FOURTH JUDICIAL DISTRICT,

IN BEXAR COUNTY, TEXAS

JERRY SOLIZ MARTINEZ

vs.

THE STATE OF TEXAS

A MOTION OF AN OUT-OF-TIME APPEAL OF THE ORDERS OF THE 437th DISTRICT COURT

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS:

Now comes, Jerry Soliz Martinez, Appellant pro se and respect-
fully moves the Honorable 4th Court of Appeals to hear the following
Out-of-Time appeal, to the orders issued by 437th District Court's
on July 2nd, 2013. The orders in the form of conclusions of law
were issued in response to a form 11.07 Writ of Habeas Corpus
(2008 CR 1459-W1), submitted by Appellant on October 12th, 2012,
contesting his conviction. In support of this appeal Appellant
brings forth the following grounds and would show the Court,

I.

I, the Appellant was convicted and sentenced in the 437th
District Court of Bexar County, Texas, of Indecency with a
Child/Contact, on the 22nd day of June, 2011.

## II.

The Trial Court committed fundamental error when it unilaterally added un-negotiated terms to the plea agreement. Appellant was prejudiced by the Trial Court's order given June 22nd, 2011, vol. 2 pg. 26, (court transcripts) and attempted to correct on July 2nd, 2013. The Affirmative finding of a 3g offense, is prejudicial towards Appellant's incarceration in the form of an un-negotiated punishment and added collateral consequences on Appellant's conviction and sentence. This added punishment was not negotiated in the plea agreement coerced by attorney's for the Appellant and prosecutor's office. Also, the enhancement was never read or mentioned by anyone at the trial date setting of April 6th, 2011, vol. 1 (court transcripts).

## III.

The pronouncement, of "I'm making an affirmative finding of a 3g offense," by the Honorable Judge on pg. 26, vol. 2, (court transcripts) was made without any legal reasoning or investigation into the proof needed of the un-negotiated punishment on Appellant. The Trial Court's attempt to correct the record is not a "clerical error," but is a judicial error in which Trial Court must have used legal reasoning behind such an order. The pronouncement of this enhancement has the effect of adding stricter requirements on Appellant's liberty, which are afforded citizens through Due Process clause of the Fourteenth Amendment of the U.S. Constitution and the Texas State Constitution Art. 1, sections 10 & 19. Also added are the collateral consequences associated with the Tex. C. C. Proc. Art. 42.12 3(g) and the requirements of Chapter 62, Sex Offender Registration Program.

## IV.

The Trial Court failed to inform Appellant by a timely notice of the amount of time required by T.R.A.P. 25.2(h) "Advice of Right to Appeal." In the conclusions of law #9, the Trial Court ruled

tnat "Appellant was not subject to an affirmative finding of a 3g offense." The admonishment is a judicially fundamental error that did induce collateral consequences. The legal question asked by Appellant is what "Legal reasoning" did the Trial Court have when nothing was ever mentioned on April 6th, 2011, (court transcripts) Vol. 1.

## V.

Counsels were ineffective for not investigating this enhancement. Also, if Appellant would have been advised of the time required to file an appeal of the Trial Court's order, he would have filed the required motions per T.R.A.P. 26.2(a), 26.3(a)(b) and, 10.5(b)(1)(2). Appellant would have used due dilegence, while attending a six hour vocational course (Horticulture) at Diboll Correction Center.

## VI.

Furthermore, this error is of fundamental standards and Appellant would ask the Honorable 4th Court of Appeals to vacate his conviction or return him to the original position as he was before the coercive signing of the plea deal, on April 6th, 2011.

## VII.

Wherefore, Premises Considered, Appellant moves the Honorable 4th Court of Appeals to make specific findings as to the controverted issues of fact concerning the orders of the Honorable 437th District Court. Appellant prays the Honorable 4th Court of Appeals to hear the motion of appeal and rule on its merits, and return Appellant to his original position before April 6th, 2011, or vacate his conviction and set aside his sentence. Appellant prays the Honorable 4th Court of Appeals to instruct the 437th District Court to issue orders for the release of Appellant from confinement in the Texas Department of Criminal Justice, at the

Goree Unit, 7405 Hwy. 75 South, Huntsville, Texas, 77344. Appellant forever prays.

Respectfully submitted,

*Jerry Soliz Martinez*

Jerry Soliz Martinez
Appellant Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this the ____ day of _____, 2014, a true and correct copy of the above and foregoing Motion to Appeal was transmitted and delivered to the office of the Bexar County District Attorney, Cadena-Reeves Criminal Justice Center, 300 Dolorosa, San Antonio, Texas, 78205.

*Jerry Soliz Martinez*

## ORDER

On this the ____ day of _____, 2014, came to be heard Appellant's Motion to Appeal and said motion is hereby,

( ) GRANTED                    ( ) DENIED

Signed this the ____ day of ____ , 2014.

_____
Judge Presiding

# CAUSE NO. 2008CR1459

IN THE FOURTH COURT OF APPEALS, JUDICIAL DISTRICT, BEXAR COUNTY, TEXAS

## EX PARTE JERRY SOLIZ MARTINEZ

### vs.

## THE STATE OF TEXAS

A MOTION TO SHOW CAUSE :

RE: COURT OF APPEALS NO. : 04-14-00468-CR
TRIAL COURT CASE NO. : 2008CR1459

TO THE HONORABLE JUDGES', FOURTH COURT OF APPEALS:

Comes now, Jerry Soliz Martinez, Appellant Pro Se and respectfully moves the Honorable 4TH Court of Appeals to hear the Motion to Show Cause of his "Out-of-Time Appeal" filed on June 30, 2014, pursuant to the 4TH Court of Appeals order dated July 18, 2014. Appellant would submit the following:

## I.

## JURISDICTION

That this Hon. Court of Appeals retains jurisdiction to entertain said 'Out-of-Time Appeal' pursuant to T.R.A.P.

1.

Rule 31, "Appeals in Habeas Corpus, Bail, and Extradition proceedings in Criminal cases". Blanton v. State, 369 S.W. 3d 894, 904 (Tex. Crim. App. 2012); EX PARTE NELSON, 137 S.W. 3d 666, 668 (Tex. Crim. App 2004).

## II.

## PLEA FOR LIBERAL SCRUTINY

That your Appellant respectfully urge for the Honorable Court of Appeals to construe said "Out-of-Time Appeal" Literally. Your appellant is a Layman at Law, and should not be held to the same stringent standards of craftmanship presented by Attorneys.

## III.

## CONFINEMENT and RESTRAINT

That your appellant is confined, pursuant to a void and unauthorized judgment and conviction in cause 2008CRI459, for the alleged offense of "indecency with child-contact". Said offense is alleged to have occurred on or about Dec. 31st, 1991. On Apr. 6th, 2011, appellant after pleading not guilty for over (3) years, was coerced into changing his plea to guilty before the Hon. 437th District Court,

2.

Due to counsel's coercive advise that he would receive deferred adjudication/probation. On June 22, 2011, appellant was assessed (4) years incarceration by the Honorable Lori Valenzuela, Judge presiding. The Hon. Judge assessed punishment with an 'affirmative finding of a 3g offense' and requirement to register pursuant to Chapter 62, Tex. C. C. Proc. art. 62.001. Appellant appealed the conviction and judgment of the court on July 29, 2011, COA-04-11-00549-CR, dismissed for want of jurisdiction on Aug. 12, 2011, filed a PDR; PD-1707-11 on Dec. 16, 2011, refused on March 28, 2012, filed his art. 11.07 writ of habeas corpus WR-79,899-01, TC no. 2008CR1459-W1 on Oct. 12, 2012, and "white carded" without written order on Jan. 15, 2014.

## IV.

## SHOWING OF CAUSE

Appellant was indicted on Feb. 20, 2008. see AX-5 (Indictment). On Apr. 6, 2011, appellant, unknowingly, involuntarily, and unintelligently was coerced into a plea bargain. see AX-3 (Plea bargain papers). The Hon. court received his form 11.07 on Oct. 12, 2012 and issued

3.

orders on July 2, 2013. See AX-2 (ORDERS). In the conclusions of Law #9', it states that appellant was [sic] "not subject to an affirmative finding of a 3g offense", Tex. C.C. Proc. Ann. art 42.12 §3g, and "affirmative finding deadly weapon". The Hon. Judge proceeded to enter a "Judgment Nunc Pro Tunc" correcting this as a clerical error. But a "Nunc Pro Tunc Judgment" order should have been the proper remidy.

citing Johnson v. State, 233 S.W.3d 420, 428 (Tex. App. - 2007 FT. Worth), at 428, We hold that the Nunc Pro Tunc orders amending the judgment by deleting ... a deadly weapon are not a correction of a clerical error in the original judgment, but are a improper modification of a product of judicial reasoning and are, as a matter of Law void.
"In, Ex parte Nelson, 137 S.W. 3d 666, 668 (Tex. Crim. App. 2004) [W]e hold that persons ... who could have complained of 'deadly weapon findings' in their judgments by appeal [.] may not raise such complaints for the first time on habeas corpus". see Blanton v. State, 369 S.W. 3d 894, 897-98 (Tex. Crim. App 2012) ... Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. The determination of whether an error is clerical or judicial is a matter of Law ... at 904, Nunc Pro Tunc judgments are appealable orders under Tex. C.C. Proc. art. 44.02.

Appellant contends that the pronouncement of [sic] "an affirmative finding of a 3g offense", see AX-1, Vol. 2, pg. 26, (trial transcripts), prejudiced him. The Honorable Judge committed constitutional error, when she

4.

unilaterally added an un-negotiated terms to the plea bargain. citing <u>Moore v. State</u>, 295 S.W. 3d 329, 332 (Tex. Crim. App. 2009), "The only proper role of the trial court in the plea bargain process is advising the defendant whether it WILL `follow or reject' the bargain between the state and the defendant. Because a plea-bargain agreement is solely between the state and the defendant, only the state and the defendant may alter the terms of the agreement; the trial court commits error if it unilaterally adds un-negotiated terms to a plea bargain agreement."

In <u>Johnson v. State</u>, 233 S.W. 3d supra at 428-29, "Conclusion" We pause to point out [b]efore any unfavorable nunc pro tunc order[] [is] entered, the defendant should be given an opportunity to be present for the hearing, reprented by counsel, in order to accord him due process of law. citing <u>Shaw v. State</u>, 539 S.W. 2d 887, 890 (Tex. Crim. App 1976) (holding, procedures requires hearing at which evidence must be adduced in presence of defendant proving events in question actually occured; accord <u>Homan v. Hughes</u>, 708 S.W. 2d 449, 454-55 (Tex. Crim. App 1986) (holding entry of such an order "ex parte" violates defendants constitutional rights) see also <u>Vallez v. State</u>, 21 S.W. 3d 778, 782 (Tex App - San Antonio 2000) no pet.). <u>Johson v. State</u>, 233 S.W. 3d supra at 428, (see <u>Ex parte Dopps</u>, 723 S.W. 2d at 671 (holding, absent proof that deadly weapon finding was actually contemplated, rendered, or pronounced at an ealier time as part of the plea agreement;

5.

trial courts finding that deadly weapon finding ...
established judicial ... not clerical error.")

## V.

Appellant contends that he would have and did use due
diligence in appealing the orders of July 2, 2013. But, the
trial court failed to inform him or give notice to his right
to appeal, pursuant to T.R.A.P. 26.2 (criminal cases), and
T.R.A.P. 25.2 (a)(2),(h). The Hon. Judge overlooked defendants
right to appeal per. Tex. C.C. Proc. art. 44.02 (Defendant
May Appeal). Appellant asserts that T.R.A.P. 31 gives
the Hon. 4TH Court of Appeals jurisdiction to hear his

appeal of June 30, 2014, citing Ex parte Bartness, 739
S.W.2d 51, 52 (Tex. Crim. App. 1987), "A claimed deprivation of
adequate notice cannot be raised for the first time in an
Art. 11.07 action. Ex parte Nelson, 137 S.W.3d supra and Blanton
v. State, 369 S.W.3d supra.
Appellant contends that the State failed to submit an

appeal pursuant to Tex. C.C. Proc. 44.01 and T.R.A.P. 31

removing the "affirmative finding of an 3g offense" and the

"deadly weapon finding", Knowing that it would change

the plea bangain and the punisment, citing Ex parte
Ali, 368 S.W.3d 827, 830-31 (Tex App-Austin 2012, pet. ref'd).
... in which the Court of Criminal Appeals is the ultimate fact
finder. Thus, the familiar Guzman v. State, 955 S.W.2d 85
(Tex. Crim. App. 1997), standard of review controls in such cases.

6.

... `When the trial court's finding in a habeas corpus proceeding are supported by the record, they should be accepted by the reviewing court.`

But, unlike in `Ali`, the proof of the violations are in the record as mention in AX-2 (Orders) `Conclusion of Law #9`.

Also, the question of the fundamental violation is not on his credibility and demeanor, but on the application of the Law. citing Ex parte Franklin, 310 S.W.3d 918, 921 (Tex. App.-Beaumont 2010 no pet.) "[T]o be entitled to a hearing. ... The question ... is a `mixed question of Law and facts` that does not depend on the affiant's credibility and demeanor. ... the issue is reviewed an appeal under a de novo standard.

## VI.

Appellant asserts that at no time during the coercive and decietful explanation of what appellant would be granted by signing a plea bargain for deferred or probation, did my counsels mention any references to `enhancements` or `affirmative findings` or consequences. On Apr. 6, 2011, the Honorable Lori Valenzuela, Judge presiding, failed to to read the indictment or any affirmative finding paragraphs. The Hon. Judge only convinced him that she would consider his application for deferred adjudication. see AX-1, Vol. 1,

7

pgs 4-8, (trial transcripts). The tenor of the transcripts and AX-3 (plea bargain) show no evidence of these affirmative findings mentioned on Apr. 6, 2011, until it was pronounced by the Hon. Judge on June 22, 2011. Nor did the indictment contain any paragraphs, see AX-5 (Indictment).

In Ex parte Adkins, 767 S.W. 2d 809 (Tex. Crim. App. 1989), "the trial court entered an affirmative finding on the use of a deadly weapon, pursuant to a plea bargain. This Court found the affirmative finding to have been unauthorized. Id at 811. In determining the proper relief ... [T]he result of deleting the finding without disturbing the remainder of the bargain would be to adjust the tenor of the "mutual obligation" entered into by the parties. This would create a new bargain not contemplated by the parties or the trial court when it accepted the plea agreement and entered the judgment accordingly. See Shannon v. State, 708 S.W. 2d 850, 852 (Tex. Crim. App 1986) "If specific performance is not possible, the plea must be withdrawn and the parties must be returned to their original position". Id. Ex parte Sims, 868 S.W. 2d 803 (Tex. Crim. App. 1993) "overruled by McJunkins, on other grounds, Ex parte McJunkins, 954 S.W. 2d 39 (Tex. Crim. App. 1997). "A defendant may not by agreement render; Legal a, punishment which is not otherwise authorized by Law". @ 804. In Ex parte Jones, 957 S.W. 2d 849 (Tex. Crim. App. 1997) @ 850. Applicant argues, "The Trial Court erred in making such a Deadly Weapon finding"... The statute in effect at the time read, in pertinent part... Article 42.12 § 3g (a) (2) V.A.C. C.P. (emphasis added), obviously, the trial court read the statute literally, that the use or exhibition of a deadly weapon in any felony can be used to enter an affirmative finding in any other case.
see Easterling v. State, 710 S.W. 2d 569 (Tex. Crim. App. 1986). at 581, In Easterling, the indictment did not include the

8.

allegation of a 'deadly weapon'. An affirmation finding ... constitutes ... the statutorily fashioned institutional norm applicable to "all other prisoners". Because parole itself involves actual, albeit conditional freedom from confinement, the Court of Criminal Appeals contends that prospective denial of any opportunity to earn an early eligibility date constitutes sufficiently disparate treatment as to implicate a liberty interest under Article 1 § 19, Texas Constitution.

Ex parte Thomas, 638 S.W. 2d 905, 917 (Tex. Crim. App. 1982). "The trier of fact is responsible for making the affirmative finding concerning use or exhibition of a deadly weapon. Thomas, 638 S.W. 2d supra at 917, The finding must be express; an implied finding will not suffice.

## VII.

Appellant assents, inter alia, he was not subject to an "affirmative finding of a 3g offense", Tex. C.C. Proc. Ann. Art. 42.12 § 3g (West)(1992). The alleged changes are from 1991. In the tenor of the AX-2 (Order) the "Conclusion of Law #6" reads that [sic] "this court would not have granted either Deferred Adjudication or Comm. Supr." So the trial court as trier of fact used legal reasoning in the pronouncement. see AX-1, VOL. 2, pg. 26. Thus the trial court made a pronouncement of a judgment and sentence that is contrary to law and unauthorized. Since nothing was mentioned on

9.

Apr. 6, 2011, and no proof was introduced to substantiate such a punishment. Thus appellant signed waivers unknowingly, unintelligently and involuntarily, not knowing the consequences against him.

citing _Ibarra v. State_, 177 S.W. 3d 282 (Tex. App. - Houston 1st District 2005), at 282-83. When the written sentence and judgment conflict with the oral pronouncement, the oral pronouncement controls. Vernon's Ann. Tex. C.C. Proc. arts. 42.01 §1, 42.03 §1(a). "A void sentence cannot be waived". Ibarra, 177 S.W. 3d supra at 284. _Taylor v. State_, 131 S.W. 3d 497, 500 (Tex. Crim. App. 2004). The sentence and judgment are just the written declaration, an embodiment of the oral pronouncement; _Coffey v. State_, 979 S.W. 2d 326, 328 (Tex. Crim App 1998). Hence, the reportors records shows ... A sentence outside the statutory limits is void. _Ex parte Sims_, 868 S.W. 2d supra, "A void sentence cannot be waived. Id. In _Mizell v. State_, 119 S.W. 3d 804 (Tex. Crim. App. 2003), "OPINION", Cochran, J., delivered the opinion of the Court, ... Because we hold that any court - trial or appellate - may notice on its own, an illegal sentence and rectify that error ... Mizell v. State, 119 S.W. 3d supra at 806 ... A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. Id. at 806. Also, a trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. Id. see Ex parte Pena, 71 S.W. 3d 336-37 n.1 (Tex. Crim. App. 2002). see Id. @ 336 n. 2. ("[a] void or 'illegal' sentence is one that is not authorized by law"); Ex parte Seidel, 39 S.W. 3d 221, 225 ~ :n.4 (Tex. Crim. App. 2001) ("This Court has long held that a sentence is void when the punishment is unauthorized"); Ex parte Beck, 922 S.W. 2d 181, 182 (Tex. Crim App. 1996); Ex parte McIver, 586 S.W. 2d 851, 854 (Tex. Crim App. 1979).

10.

## VIII.

Appellant assents from the reporters record AX-1, vol. 1 the Hon. Judge only convinced him she would consider the application for deferred. In the "Finding of Facts" see AX-2 (orders), at #6 "Affidavit of Stephen Nicholas" at (g) counsel states that "He never at any time advise applicant that he would receive deferred adjudication",... Applicant could apply. But at (v) counsel states, ... "and applicant was told that the only chance he had of getting deferred was by way of a pretrial plea to the court and that after a finding of guilt by a judge or jury, deferred was no longer applicable." AX-8 (Affidavit of Attorney Mr. Raul Perales), In reference to point 2; on pg. 2, He states that [sic] "Applicant knew that the court 'could' order him confined to TDC." ... "In Applicants notes '6-5' and '6-6', applicant states, "Attorney Mr. Nicholas told applicant that he stood a better chance in obtaining probation / deferred adjudication from the judge than from a jury trial". Referring back to AX-2, at (X), Mr. Nicholas was not truthful with the Hon. Judge.

16.

If he would have investigated diligently the '3g offense' he would have discovered, that appellant was not subject to such an enhancement as stated in the Conclusions of Law #9. How could he explain a 3g offense if no paragraphs were in the indictment, plea bargain, or stipulations. citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "The Court held that a new trial must be granted... because the incompetence of counsel only if "there is reasonable probability that, but for counsels unproffessional errors, the result of the proceedings would have been different". Id. at 694, 104 S. Ct. at 2068, The Strickland Court defined a "reasonable probability" as a probability sufficient to undermine confidence in the outcome". Ibid.
see Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). at 2529. Held, The performance of Wiggins attorney's at sentencing violated his 6th Amendment right to effective assistance of counsel Pp. 2534-2544.

## IX.

Appellant points to the light in the tenor of the 14TH Amendment, U.S. Constitution and Article 1 § 10, Texas Constitution, reads as follows, Due Process and Due Course of Law require that the trier of fact at any stage of trial or criminal action not be authorized to make an adverse finding against

12.

an accused, unless and until the issue has been tendered by the pleading of the State.

Citing Cates v. State, 102 S.W.3d 735 (Tex.Crim.App.2003), "When neither the indictment nor the jury charge contains any "deadly weapon" language, a trial court cannot enter an "implied" deadly weapon finding based solely upon its own assesment of the evidence and a general "guilty" verdict, see LaFluer v. State, 106 S.W.3d 91, 95 (Tex.Crim. App 2003), at 95, "We quoted language from Barecky v. State, 639 S.W.2d at 945... Thus the court entered it's finding as to use of a deadly weapon in the absense of such an 'affirmative finding' by the appropriate trier of fact. This was improper", see Martinez v. State, 194 S.W.3d 699 (Tex. App-Houston 14th District 2006), at 700 "Very nearly exclusive list of situations in which judgment of conviction is void are those in which : (1) document purporting to be charging instrument does not satisfy "constitutional requisites for charging instrument, and thus, trial court has no jurisdiction over defendant.

## ARGUMENT

In conclusion of Showing Cause, appellant brings to light the fact that his fundamental rights to Due Process, 14TH Amendment, U.S. Constitution, Due Course of Law, Texas Constitution, Article 1 §§ 10 & 19 were violated, along with Tex. C.C. Proc. Art's 26.13(a)(1), (c), art. 42.01 § 1, 42.03 § 1(a), 42.12 § 3g, 42.14(b)(2) (A)(B),(3)(C),(4)(5), art. 44.02 and art. 62.001.

13.

Because the judgment and conviction are void and unauthorized. The Hon. Trial Court fail to notify appellant pursuant to T.R.A.P. 25.2 (a) (2) (h), of his right to appeal the trial courts order and time allowed to appeal said orders.

Appellant respectfully asks the Honorable 4TH Court of Appeals to review his appeal pursuant to T.R.A.P. 31. Appellant asserts that there is a Nexus among all the Laws, Statutes, and rules mentioned above and a void judgment for one invalidate's all the other's. A NEXUS is a connection. Appellant forever pray's.

14.

# RELIEF

Appellant prays the Honorable 4TH Court of Appeals for a favorable ruling to all aspects of his cause. He asks the Honorable Court to set aside or vacate with prejudice the judgment and sentence of the Honorable 437TH District Court, becaus of Constitutional violations. Appellant seeks to be retunned to his original position before the `Indictment' or plea of `guilty'.

To order, Brad Livingston, Director, Texas Department of Criminal Justice to release appellant at the earliest possible time. If the Honorable Court should order hearings, to instruct the Sheriff of Bexar County to transport appellant back to San Antonio, Texas. Appellant is currently being unconstitutionally confined and illegal restraind due to constitutional violations. Appellant forever prays.

Respectfully, Submitted

Jerry Soliz Martinez
Appellant Pro Se

15

IN THE

COURT OF CRIMINAL APPEALS, AUSTIN, TEXAS

EX PARTE JERRY SOLIZ MARTINEZ

VS.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

A PETITION FOR DISCRETIONARY REVIEW:

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

RE: 4TH COURT OF APPEALS NO. /04-14-00468-CR

TRIAL COURT NO. / 2008CR1459

Comes now, Jerry Soliz Martinez, Petitioner Pro Se and files this Petition for Discretionary Review. In support of this petition, the following information and grounds are provided pursuant to T.R.A.P. 66, 68 and cites Degrate v. State, 712 S.W. 2d 755 (Tex. Crim. App. 1986), and T.R.A.P. 31.1, 2.

## I.
### PLEA FOR LIBERAL SCRUNITY

Your Petitioner respectfully pray's for the Honorable Court of Criminal Appeals, to construe said Petition Literally.

Petitioner is a Layman at Law, and asks that he not be held

(i)

to the same stringent standards of craftmanship presented by attorney's.

## II. T.R.A.P. 68.4;
### (a) Identity of Judge, Parties and Counsel

Court of Appeals: 4TH Court of Appeals, Judicial District, in San Antonio, Texas;

Trial Court: 437TH Judicial District, in Bexar County, Texas Honorable Lori Valenzuela;

State Prosecuting Attorney, P.O. Box 13046, Austin, Texas, 78711-3406;

Parties: Ex parte Jerry Soliz Martinez, TDCJ# 01724442, Manuel Segovia Unit, 1201 East El Cibolo Rd. Edinburg, Tx. 78541;

### (b) Table of Contents;

| | Page |
|---|---|
| (a) Identity of Judge, Parties and Counsel .... | (ii) |
| (b) Table of Contents .... | (ii) |
| (C) Index of Authorities .... | (iii) |
| (d) Statement regarding oral argument .... | (iii) |
| (e) Statement of the case .... | (1) |
| (f) Statement of procedural history .... | (1) |
| (g) Grounds: #one; jurisdiction to review out-of-time appeal .... | (1) |
| Ground #two; Court of Appeals miscontrued T.R.A.P. 31, and conflicts with other Court of Appeals .... | (2) |

(ii)

Question #1: Should the Court of Criminal Appeals
clarify, Tx. C.C. Proc. art. 11.07 § 3 (a) and
T.R.A.P. 31, and set precedent on jurisdiction .... (2)

(h) Argument                                    (3)

(i) Prayer for relief                           (9)

(j) Appendix                                     (10)

## (c) Index of Authorities                     Page

(1) Benford v. State, 994 S.W. 2d 404 (Tex. App. - Waco 1999, no pet.) .... (4),
(2) Blanton v. State, 369 S.W. 3d 894 (Tex. Crim. App. 2012) .... (5);
(3) Degrate v. State, 712 S.W. 2d 755 (Tex. Crim. App. 1986) .... (i)
(4) De Pena v. State, 56 S.W. 3d 926 (Tex. Crim App - Corpus Chriti 2001) ....(5)
(5) Ex parte Johnson, 876 S.W. 2d 340 (Tex. Crim. App. 1994) ....(5),
(6) Ex parte Rich, 194 S.W. 3d 508 (Tex. Crim. App. 2006) .... (3),
(7) Ex parte Shumake, 953 S.W. 2d 842 (Tex. App. - Austin 1997) ....(4),
(8) Ibarra v. State, 177 S.W. 3d 282 (Tex. App. - Houston 1st dist. 2005) ....(5),
(9) Mizell v. State, 119 S.W. 3d 804 (Tex. Crim. App. 2003) ....(6)(7),
(10) Ramos v. State, 89 S.W. 3d 122 (Tex. App. - Corpus Christi 2002) ....(4),(5),
(11) Saliba v. State, 45 S.W. 3d 329 (Tex App. - Dallas 2001) ....(5),(6),
(12) State v. Roberts, 940 S.W. 2d 655 (Tex. Crim. App. 1996) ....(7),
(13) Vargas v. State, 109 S.W. 3d 26 (Tex. App. - Amarillo 2003) ....(7),
(14) Wright v. State, 969 S.W. 2d 588 (Tex. App. - Dallas 1998) ....(4),(6),
(15) Texas Code Criminal Procedures, Article 11.07 § 3 (a) .... (3)
(16) Texas Rules of Appellate Procedures, Rule 31, .... (i)
(17) Texas Rules of Appellate Procedures, Rule 66, .... (i)
(18) Texas Rules of Appellate Procedures, Rule 68, .... (i)

## (d) Statement regarding oral argument:

(1.) Petitioner is unable to apply an oral argument, due to his
incarceration and waives his right for oral argument.

(iii)

## (e) Statement of the case:

Petitioner was indicted on Feb. 20, 2008, on the alleged charge of indecency with child by contact, cause #2008CR1459. Petitioner signed a plea deal on April 6, 2011, and convicted, and sentenced on June 22, 2011. On July 22, 2011, filed an appeal to the illegal conviction, and dismissed on August 16, 2011, "want of jurisdiction", (#04-11-00548-CR). Petitioner filed a Petition for Discretionary Review (PD-1707-11) on Dec. 16, 2011 and refused on Mar. 20, 2012. Petitioner submitted an Art. 11.07 Writ of Habeas Corpus (trial court #2008CR1459-W1), (C.C.A. WR-79,899-01) on Oct. 12, 2012. The Honorable Court "white carded" and "denied without written notice" on Jan. 15, 2014. Petitioner filed an out-of-time appeal on June 30, 2014, citing T.R.A.P. 26.2 and T.R.A.P. 25.2 (a)(2),(h). The 4TH Court of Appeals issued an order on July 18, 2014, to "show cause". On August 22, 2014, Petitioner submitted a "Motion Showing Cause" on appeal (#04-14-00468-CR). The 4TH Court of Appeals dismissed for "want of jurisdiction" on Oct. 8, 2014.

## (f) Statement of Procedural History:

(1.) October 8, 2014

(2.) No motion for rehearing filed

(3) None

## (g) Grounds for Review:

Ground One: The Court of Appeals conclusion that pursuant to Texas Code of Criminal Procedures, Article 11.07(a), they lack jurisdiction to review Petitioners' out-of-time appeal is misguided. The honorable Court of Appeals misconstrued

(1)

Article 11.07 § 3(a), because it does not set out who has jurisdiction over appeals to a district court's orders pursuant to T.R.A.P. 31.1, 2. See Motion for an out-of-time appeal, Motion to Show Cause, and 4TH Court of Appeals "Memorandum Opinion".

Ground Two: The Court of Appeals misconstrued Article 11.07(a) and misapplied T.R.A.P. 31 to it's decision in their "Memorandum Opinion", pursuant to T.R.A.P. 66.3 (a)(b)(d), the ruling was contrary to other court of appeals rulings, and the jurisprudence of Texas.

Question One: Should the Honorable Court of Criminal Appeals set precedent to permit or deny jurisdiction to the Court of Appeals, to hear and rule on appeals from a district court's order that WILL add significance to T.R.A.P.'s 31, 66, and the jurisprudence of Texas?

(2)

## (h) ARGUMENT

In ground one, the Petitioner asks the Honorable Court of Criminal Appeals to review the 4TH Court of Appeals decision in their "Memorandum Opinion" dated Oct. 8, 2014, because T.R.A.P. 31.1, states, [sic] "When written notice of appeal from a judgment or order in a habeas corpus or bail is filed," ... and T.R.A.P. 31.2, entitled, 'Hearing' states, [sic] "An appeal in a habeas corpus or bail proceeding will be heard at the earliest practicable time."

see Ex parte Rich, 194 S.W. 3d 508, 513 (Tex. Crim. App. 2006), "The case law makes it clear that Applicant can seek relief by direct appeal or writ of habeas corpus because" a defect that renders a sentence void may be raised at any time." ... In fact, "there has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence, no matter when or how the relief was sought.

Texas codes of Criminal Procedures Ann. Article 11.07 § 3(a) does not set out who has jurisdiction over appeals to the trial courts orders (conclusions of law and finding of facts), just Writs of Habeas Corpus. Ex parte Rich, 194 S.W. 3d supra @ 512, "The error that occurred in Applicants sentencing was more than a clerical mistake that can be corrected by a nunc pro tunc motion and order because it resulted from judicial reasoning on determination."

(3.)

Petitioner asserts, that his appeal is to a final conviction and a judgment nunc pro tunc order in the trial courts (conclusions of law), dated July 2, 2013. This judgment nunc pro tunc is from legal reasoning in a conviction and sentencing, and not to pre-trial or interlocutory appeals and it affects the Petitioner's fundamental and constitutional rights, based on an invalid and illegal conviction and sentenced, pursuant to a negotiated plea bargain. But, many of the Court of Appeals have ruled on jurisdiction on pre-trial or interlocutory.

see Ramos v. State, 89 S.W.3d 122, 124-26 (Tex. App.-Corpus Christi 2002, no pet.). The State contends this court lacks jurisdiction to address this appeal because the order ... is an interlocutory order for which courts have not been expressly granted jurisdiction to review.

In support of its position ... the State cites Benford v. State, 994 S.W. 2d 404, 409 (Tex. App.- Waco 1999, no pet.); Ex parte Shumake, 953 S.W. 2d 842, 846 (Tex. App. - Austin 1997, no pet.); "The Waco court held that it lacked jurisdiction to consider an interlocutory appeal" ... Ramos v. State, 89 S.W.3d supra @125, In Shumake, "the Austin Court of Appeals held it had no jurisdiction over an appeal of a pre-trial order" ... Id, The Ramos court continued to cite other appellate courts. Id @125, The Benford court noted, however that the Fort Worth and Dallas courts have agreed somewhat, recognizing a 'narrow' exception. ...

But Petitioners appeal is not pre-trial or interlocutory, see Wright v. State, 969 S.W. 2d 588, 589 (Tex. App. - Dallas 1998). @589, "As a general rule, an appellate court may consider appeals by

(4.)

"criminal defendants only after conviction". citing Saliba v. State, 45 S.W. 3d 329, 329 (Tex. App. - Dallas 2001, no pet.), "Appellate courts may generally consider appeals by criminal defendants only after conviction. There are narrow exceptions to the rule requiring conviction before a criminal defendant may appeal"... (1) while on unadjudicated comm. supr.; (2) the denial of a motion to reduce bond; (3) the denial of a pretrial application for writ of habeas corpus alleging double jeopardy; (4) the denial of habeas corpus relief in extradition cases. citing Texas Code of Criminal Procedures Ann. Article 4.03 (Vernon Supp. 2001). "The Court of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases, except those in which the death penalty has been assessed. This article shall not be construed as to embrace any case which has been appealed from any inferior court to the County court, the County criminal court, or County court at law, ... Art. 4.03 does not however, somehow provide jurisdiction in a criminal case in which the defendant has not proceeded to trial and has not been convicted."

Also in Ramos v. State, 89 S.W. 3d supra @ 125-126, "We conclude that rules of appellate procedures 31.1 which refers to notice of appeals from a judgment or order in a habeas corpus or bail proceeding contemplates appeals of orders in bail proceedings. see T.R.A.P. 31.1. see Ex parte Johnson, 876 S.W. 2d 340, 345 (Tex. Crim. App. 1994).

The Court stated, in Blanton v. State, 369 S.W. 3d 894 (Tex. Crim. App. 2012) @ 904, "[N]unc pro tunc judgments are ... appealable orders under, Tex. C. Cr. Proc. Art. 44.02", and in Ibarra v. State, 177 S.W. 3d 282 (Tex. App. - Houston 1st district 2005) @ 283, "The Court of Appeals held that, "A void sentence cannot be waived".

citing De Pena v. State, 56 S.W. 3d 926, 927-28 (Tex. App. - Corpus Christi 2001, no pet.) "Because jurisdiction is fundamental, an appellate court must determine sua sponte, whether it has jurisdiction to consider an appeal". Thus, we conclude that this Court had jurisdiction to consider ... and we follow De Pena in

(5.)

concluding that we have jurisdiction in the present case. Id at 126.

In ground two, Petitioner asserts that various Courts are split over jurisdiction of appeals to trial courts orders over nunc pro tunc judgments pertaining to habeas corpus issues. The trial courts orders are not interlocutory, because petitioner was convicted and, his conviction was illegal which is an issue of constitutional and fundamental standards. Petitioner appealed to the 4TH Court of Appeals and showed cause.

citing Mizell v. State, 119 S.W.3d 804, 805 (Tex. Crim. App. 2003). Cochran, J., delivered the opinion of the court, in which Meyers, Price, Womack, Keasler, Hervey and Holland, J.J., joined ... "Because we hold that any Court - trial or appellate - may notice, on its own, an illegal sentence and rectify that error." ... A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of Habeas Corpus. Id @ 806. citing Wright v. State, 969 S.W.2d 588, 589 (Tex. App. - Dallas 1998). @ 589, "As a general rule, an appellate court may consider appeals by criminal defendants only after conviction". Id. Also in Saliba v. State, 45 S.W.3d 329 (Tex. App. - Dallas 2001, no pet.) ... @ 329 "There are narrow exceptions to the rule requiring conviction before a criminal defendant may appeal".

Petitioner contends that pursuant to T.R.A.P. 66.3 (a), [sic] "The Court of Appeals decisions conflict with another court of appeals decision on the same issue; (b) court of appeals has decided

(6.)

an important question of state or federal Law that has not been, but should be, settled by the Court of Criminal Appeals; and (d) a court of appeals has declared a statute, rule, regulation, or ordinance unconstitutional, or appears to have misconstrued a statute, rule, regulation or ordinance."

citing, Mizell v. State, 119 S.W. 3d supra @ 806, "There has never been anything in Texas Law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence."; see Vargas v. State, 109 S.W. 3d 26, 29 (Tex. App.- Amarillo 2003, no pet.). citing State v. Roberts, 940 S.W. 2d 655, 657 (Tex. Crim. App. 1996). "Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision, id," ... "Courts address the question of jurisdiction sua sponte, because unless a court has jurisdiction over a matter, its actions in the matter are without validity. Roberts, 940 S.W. 2d @ 657 n. 2."

In Petitioner's question to the Honorable Court of Criminal Appeals, he asks this, because in his research he has found that some appellate courts have exercised their jurisdiction pursuant to T.R.A.P. 31.1,2. While some other appellate courts have hesitated to rule on direct appeals pertaining to trial court orders in conjunction with habeas corpus "conclusions of law".

see State v. Roberts, 940 S.W. 2d supra at 657, n. 2. "Courts address the question of jurisdiction sua sponte," ...

(7.)

By clarifying and granting jurisdiction to the Lower courts, the Court of Criminal Appeals would Lesson the burden on this Honorable Court. The Legislature along with the Court of Criminal Appeals created the Texas Rules of Appellate Procedures, for all appellate courts to adhere and provide direction and guidance on jurisdiction.

Petitioner cites Lafluer v. State, 106 S.W. 3d 91 (Tex. Crim. App. 2003). "The Court of Criminal Appeals follows the doctrine of "Stare decisis" to promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process, but if court concludes that one of its previous decisions was poorly reasoned or is unworkable, it does not achieve these goals by continuing to follow that decision."

These rules of appellate procedure must be followed even by a Layman Like Petitioner, the State, District Courts, and Appellate Courts. A Layman attempts to understand its Language and follow their directions, but when proper notice is not given, he must try and pray that the Honorable Court Listen Liberally. This Petitioner is still Learning and prays that he has shed some Light on the jurisdictional issues conflicting are Honorable Courts.

(8)

# (i) PRAYER FOR RELIEF

Petitioner asks the Honorable Court of Criminal Appeals to direct the 4TH Court of Appeals to render a fair and just ruling to his direct appeal. To direct the Court of Appeals to hear his motion of an out-of-time appeal to an illegal conviction and sentence. To give jurisdiction.

Petitioner would ask of this Honorable Court to hear and rule on his out-of-time appeal, if it deems it neccessary. To remand Petitioner back to the trial court and allow him to withdraw his plea bargain, putting both parties back in their original positions before they entered into the plea deal. Petitioner forever Prays.

(9.)

# (j) APPENDIX

1. Contains copies of:

(A.) 4TH Court of Appeals, Memorandum Opinion, dated, Oct. 8, 2014;

(B.) Petitioner's Out-of-Time appeal, dated, June 30, 2014

(C.) Petitioner's Motion to show cause dated Aug. 22, 2014

## CERTIFICATE OF SERVICE

Petitioner is unable to provide copies to the concerned parties and would ask the official clerk to forward the required notice to the parties involved. Petitioner is incarcerated and is not provided with reproduction capabilities. Your assisstance is greatly appreciated.

Respectfully Submitted

Jerry Soliz Martinez

Petitioner Pro Se
TDC # 01724442
Manuel Segovia unit
1201 East El Cibolo Rd.
Edinburg, Texas, 78541

(10.)

## NOTICE
### OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*An example of an unsworn declaration pursuant to State law is as follows:*

"My name is __Jerry__ __Soliz__ __Martinez__ my date of birth is __10-04-57__
　　　　　　(First)　　　(Middle)　　　(Last)

and my inmate identifying number, is __01724442__ . I am presently incarcerated in

__Segovia__ __Unit__ in ~~H~~ __Edinburg__
__Hidalgo__ (Corrections unit name)　　　　　(City)

~~____~~ , __Texas__ , ~~____~~ __78541__ . I declare under penalty of
(County)　　　(State)　　　(Zip Code)

perjury that the foregoing is true and correct.

Executed on the __30th__ day of __December__ 20__14__ _Jerry Soliz Martinez_
　　　　　　　　　　　　　　　　　　　　　　　　(Offender Signature)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*An example of an unsworn declaration pursuant to Federal law is as follows:*

I _____(insert offender name and TDCJ number), being presently incarcerated in _____ (insert TDCJ unit name), in _____County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____day of_____, 20____. _____ "
　　　　　　　　　　　　　　　　　　　　　　　　　　　(Offender Signature)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE
### NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____　　　　　_____
(Signature - Notary)　　　　　　　　　　　(Date)



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00468-CR

**EX PARTE** Jerry Soliz **MARTINEZ**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR1459
Honorable Lori I. Valenzuela, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed: October 8, 2014

DISMISSED FOR LACK OF JURISDICTION

On June 30, 2014, Appellant Jerry Soliz Martinez filed a "Motion of an Out-of-Time Appeal of the Orders of the 437th District Court," stating that he intends to appeal the trial court's order of July 2, 2013. Appellant states that he was convicted and sentenced in the 437th Judicial District Court, Bexar County, Texas on June 22, 2011. On October 12, 2012, he contested his conviction by filing an application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. In its July 2, 2013 order, the trial court considered the merits of Martinez's application for post-conviction writ of habeas corpus and denied the application. We do not have jurisdiction over post-conviction habeas applications in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(a). Post-conviction writs of habeas corpus must be filed in the court of conviction, but made returnable to the Texas Court of Criminal Appeals. *Id.*

Therefore, on July 18, 2014, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On August 22, 2014, appellant filed a response. After considering appellant's response, we conclude that we lack jurisdiction over this appeal.

This appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH



# Fourth Court of Appeals
## San Antonio, Texas

October 8, 2014

No. 04-14-00468-CR

**EX PARTE** Jerry Soliz **MARTINEZ**

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR1459
Honorable Lori I. Valenzuela, Judge Presiding

### ORDER

In accordance with this court's memorandum opinion of this date, the appeal is DISMISSED FOR LACK OF JURISDICTION.

It is so **ORDERED** on October 8, 2014.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of October, 2014.

_____
Keith E. Hottle, Clerk